UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| LARRY BECTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:05-cv-01143 |
| v. ) | |
| ) | Judge Holschuh |
| STARBUCKS CORPORATION dba ) | Magistrate Judge Kemp |
| STARBUCKS COFFEE COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |

**STARBUCKS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S REPORT OF AN APOLOGY OF AN UNIDENTIFIED STARBUCKS MANAGER "FOR THE LIDS NOT BEING PROPERLY ATTACHED" PURSUANT TO FEDERAL RULE OF EVIDENCE 4O3.**

Defendant, Starbucks Corporation dba Starbucks Coffee Company (hereinafter referred to as "Starbucks"), by and through its counsel hereby moves this Honorable Court *in limine* to exclude the reported apology of an unidentified Starbucks manager "for the lids ***not being properly attached*** to the cups." This Honorable Court previously found that that the manager's statement met the requirements of FRE 701and 801(d)(2)(D), and denied Starbucks motion to strike. Becton v. Starbucks Corporation, Case No. 2:05-cv-1143, 2007 WL 1730134 at *4 (S.D. Ohio, June 14, 2007)(Exhibit A). Starbucks is moving concurrently for reconsideration of that ruling, and hereby incorporates its "Motion for Reconsideration of Court's Memorandum Opinion and Order of June 14, 2007**"** as if fully rewritten herein. Although this Court previously found the statement admissible as an admission of a party opponent and a lay opinion, it has had no opportunity to rule concerning whether "the probative value [of the statement] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

The unidentified manager's statement is the strongest, indeed the only, evidence Plaintiff has that Starbucks failed to exercise reasonable care in placing lids on his coffees. Becton did not see the spill himself, but relies exclusively upon the statement to explain the cause of the spill. The improper admission of this vague, second-hand statement is all the more damaging and unfairly prejudicial to Starbucks because Starbucks has no ability to depose the unidentified declarant to determine whether she actually perceived and/or had any personal knowledge concerning the condition of the cups and lids prior to Becton's spill. As a practical matter, any such knowledge seems unlikely, given the fact that Becton, himself, noticed nothing wrong with the way the lids were attached to the coffee cups when he received them, and carried them, without incident, across the floor to exit the store. Other than Plaintiff's self-serving report. no evidence exists showing the declarant had any personal knowledge of any specific fact relevant to the issue of whether Starbucks used reasonable care in placing the lids on Becton's coffees. This statement, although relevant, must be excluded from evidence because any possible probative value it may have –and it has none -- is substantially outweighed by the danger of unfair prejudice to Starbucks if it is admitted. Further its admission can only confuse issues at trial and mislead the jury into a belief that the manager's purported apology must have been based on her actual perception and/or personal knowledge – neither or which can be proved or effectively refuted.

Despite discovery disclosures by Starbucks, identifying the names and work schedules of all employees working at the Starbucks location at the time of Plaintiff's accident, Plaintiff has failed to take any action to identify and depose the declarant. In fact, Plaintiff has not spoken with, nor deposed any of the employees at the location. Admissions of party opponents can be

admitted without a showing of trustworthiness. Jewel v. CSX Transp., Inc. (C.A.6, 1998), 135 F.3d 361, 365-66. But in this situation, Starbucks has no ability to contradict or question the statement at trial, while the mystery manager remains unidentified. In fact, Plaintiff is in the best position to identify the speaker and continues to exert no effort towards identification. Plaintiff's only evidence regarding the circumstances of the spill is Plaintiff's recollection of an alleged statement by a party that cannot be questioned or deposed by Starbucks through any reasonable means. Without the identity of the speaker, Starbucks cannot mount a meaningful defense against the admission of Plaintiff's strongest, and only, evidence.

The Sixth Circuit has repeatedly noted that "[i]n close cases, the improper admission of prejudicial evidence is all the more damaging." Mitroff v. Xomox Corp. 797 F.2d 271, 277 (6th Cir. 1986) *cited in* Field v. Trigg County Hospital. Inc., 386 F.2d 729,736(6th Cir. 2004). Here, there is little doubt that the substance of the statement, cloaked as the admission of a Starbucks manager [albeit anonymous and unidentified] renders the statement highly, and unfairly prejudicial to Starbucks case.

In Mitroff, the appellate court remanded the case for a new trial after a statement was improperly admitted as an admission of a party opponent. The identity of the declarant was known. The proponent of the statement failed to lay a proper foundation concerning whether the declarant had actually perceived, or had personal knowledge concerning the subject matter of his statement. No evidence was presented to show that the speaker has knowledge concerning any of the discriminatory practices at issue – and that he had no personal responsibilities in the area involved.

Here, the speaker's identity is unknown, but the Plaintiff claims that she identified herself as a manager of the Starbucks. There is not evidence, whatsoever, to suggest that the unidentified manager actually saw, the condition of the cups and lids before the spill occurred. Accordingly,

3

the probative value of her alleged statement is zero. Without a proper foundation, the prejudicial value of the statement clearly overrides any probative value the statement might have.

Due to the prejudicial nature of this admission and the highly prejudicial effect of improperly allowing the only piece of evidence regarding the circumstances of the spill to be admitted, Starbucks respectfully moves this Honorable Court to exclude the statement of an unidentified manager from evidence under FRE 403.

    Respectfully submitted,

/s/ Michael S. Gordon
Gerald P. Ferguson (0022765)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay Street
P.O. Box 1008
Columbus, Ohio 43216
(614) 464-6484 (Telephone)
(614) 719-4710 (Facsimile)
gpferguson@vssp.com

Attorney for Defendant,
Starbucks Corporation

OF COUNSEL:

John W. Read (0030827)
Michael S. Gordon (0070715)
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114
jwread@vssp.com
msgordon@vssp.com

Attorneys for Defendant,
Starbucks Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael S. Gordon
One of the Attorneys for Defendant,
Starbucks Corporation