
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| Larry Becton, | : | |
| | : | |
| Plaintiff, | : | Case No. C2:05-1143 |
| | : | |
| v. | : | Judge Holschuh |
| | : | |
| Starbucks Corporation, *et al.*, | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S COMBINED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE AND MOTION FOR RECONSIDERATION

Now comes Plaintiff Larry Becton ("Plaintiff" or "Mr. Becton"), through its undersigned counsel, and hereby opposes each of the Defendants Motions in Limine and Motion for Reconsideration. As set forth herein, the Defendants contentions are wholly without merit and the Plaintiff respectfully requests that this Court deny the Defendants' Motions consistent with the reasons set forth herein.

Respectfully submitted,

/s/ Robert C. Wood
Robert C. Wood (0071861)
THE LAW OFFICES OF ROBERT C. WOOD
1907 Leonard Ave., Suite 100
Columbus, Ohio 43219
(614) 252-3146 (Telephone)
(614) 258-3505 (Facsimile)

*Counsel for Plaintiff Larry Becton*

I.  **PRELIMINARY STATEMENT**

Notwithstanding this Court's thorough pronouncement regarding the admissibility of certain evidence in its decision rendered on June 14, 2007, Starbucks again seeks to have portions of Mr. Becton's Affidavit which documents relevant statements made by Starbucks in connection with the Accident excluded at trial. Additionally, Starbucks also seeks to have excluded relevant testimony from Mr. Becton's treating physicians regarding care he received for the burns he sustained in the accident and the exacerbation of PTSD resulting from the accident.

II.  **LAW AND ARGUMENT**

A. **Standard of Review for Motions in Limine**

It is very well established that "Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is *clearly inadmissible* for any purpose. See *Hinkle v. Norfolk S. Ry. Co.*, 2007 U.S. Dist LEXIS 9820 citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (emphasis added). In this regard, "the court has the power to exclude evidence in limine *only* when the evidence is *clearly inadmissible on all potential grounds*. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hinkle v. Norfolk S. Ry. Co.*, 2007 U.S. Dist LEXIS 9820, at 3 (emphasis added).

B. **The Statements made by Starbucks to Mr. Becton are Relevant and Admissible**

Starbucks has previously asserted its present arguments that Mr. Becton's report regarding the manager's statements to him should be excluded because he lacks personal knowledge concerning the content of the manager's statement. In response, this Court has already ruled and determined that this argument lacks merit because "Plaintiff need only have

1

personal knowledge that the manager made the statement; he need not have personal knowledge of its accuracy. In this case, Plaintiff clearly has personal knowledge that the manager made the statement at issue." *Becton v. Starbucks Corporation*, Case No. 2:05-cv-1143 (S.D Ohio, June 14, 2007) at 6.

Moreover, this Court also determined that "a reasonable jury could find that, prior to the accident, the manager observed that the lids were not securely attached to the cups, and then saw those lids come off the cups when the Plaintiff attempted to exit the store, causing the hot coffee to spill and burn him." *Becton v. Starbucks Corporation*, Case No. 2:05-cv-1143 (S.D Ohio, June 14, 2007) at 17. The Court further stated that "a reasonable jury could also find, based upon the manager's statement, that a Starbucks' employee failed to use reasonable care in fastening the lids on the cups, and this breach of duty proximately caused Plaintiff's injuries." Id. It is difficult to fathom a more clear analysis and declaration by this Court that the statements at issue made by the manager directly to Mr. Becton are both relevant and admissible.

### C.  Mr. Becton has identified the Starbucks Manager who made the Statements

Starbucks continues to assert that Mr. Becton has failed to identify the manager or make any inquiry regarding the identity of the manager. As discussed and to the contrary, Mr. Becton consistently testified, under oath, in his deposition that a woman identifying herself as the manager approached him following the Accident and made the foregoing statements and admissions. (Deposition of Larry Becton dated June 1, 2006. pp. 51, 52, 59, 63, 65, 95, 109). As previously set forth, with regard to Starbucks' contention that the manager is unidentified, Mr. Becton was questioned as follows:

Q: Do you know what the person who helped you after the spill, do you know what that person looked like?

A: Do you want me to describe how she looked?

2

Q: Uh-huh.

A: She was a white woman, blond hair, thin. She was kind of thin.

Q: Okay.

A: And she said she was the manager.

(Becton Dep. p. 109).

Moreover, notwithstanding the fact that Starbucks has internal records which identify all employees, including managers that worked on the day of the accident, it has failed to introduce or otherwise offer any statement or other evidence whatsoever refuting Mr. Becton's statements. Instead, Starbucks continues to make references to a "mystery" manager as if the foregoing sworn testimony identifying the manger in question did not take place.

### D. Mr. Becton has identified his Treating Physicians to Starbucks

Starbucks contends that Mr. Becton has failed to identify his treating physicians in connection with the accident. Starbucks also contends that there is still no evidence of a Post Traumatic Stress Disorder ("PTSD") diagnosis by a psychiatrist. Both assertions are untrue. In response to Starbucks' Second Consolidated Requests for Production of Documents and Interrogatories, relevant portions of which are attached hereto as Exhibit A, Mr. Becton identified both a psychologist and psychiatrist which have treated him in connection with his PTSD and exacerbation thereof. Starbucks, however, made no further inquiry regarding these physicians.

Regarding Starbucks' claims regarding the lack of evidence documenting a diagnosis of PTSD, among other reports, Mr. Becton provided to Starbucks a Clinical Summary dated January 29, 2003, performed by Dr. Stephen Pickstone, MD, a psychiatrist, which clearly establishes that Mr. Becton suffers from PTSD and that such conditions likely appeared "while the veteran was in the service and/or were aggravated by experiences in the service."

3

In sum, testimony by Mr. Becton's treating physicians is clearly relevant and should be permitted. Starbucks has not been prejudiced as Mr. Becton provided notice of the identity of the physicians more than six months ago. Additionally, Mr. Becton has filed a Motion for Leave to Extend Discovery and Identify Experts on August 14, 2007. Should this Court grant Mr. Becton's Motion, Starbucks' concerns will be rendered moot.

## III. CONCLUSION

Accordingly, Mr. Becton requests respectfully that this Court deny Defendants' Motions for the reasons set forth herein.

Respectfully submitted,

*[signature]*

Robert C. Wood (0071861)
THE LAW OFFICES OF ROBERT C. WOOD
1907 Leonard Ave., Suite 100
Columbus, Ohio 43219
(614) 252-3146 (Telephone)
(614) 258-3505 (Facsimile)

*Counsel for Plaintiff Larry Becton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing *Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment* has been sent to counsel for the Defendants, via first-class U.S. Mail this, this 17th day of August 2007, as follows:

Gerald P. Ferguson, Esq.
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216

OF COUNSEL:

John W. Read, Esq.
Michael S. Gordon, Esq.
Vorys, Sater, Seymour and Pease, LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114

_____
Robert C. Wood      (0071861)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| LARRY BECTON ) | Case No. C2-05-1143 |
| ) | |
| Plaintiff, ) | JUDGE HOLSCHUH |
| ) | MAGISTRATE JUDGE KEMP |
| v. ) | |
| ) | |
| STARBUCKS CORPORATION dba ) | |
| STARBUCKS COFFEE COMPANY, et al. ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND CONSOLIDATED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Larry Becton ("Plaintiff" or "Mr. Becton"), hereby responds to Defendant's Second Consolidated Set of Requests for Production of Documents and Interrogatories, as follows:

GENERAL OBJECTIONS
A.    Plaintiff objects to Defendant's interrogatories, request for production of documents, and requests for admissions to the extent they request information protected by the attorney-client privilege and/or the work product doctrine.

B.    Plaintiff objects to providing information that constitutes trade secrets, proprietary information, or which is confidential in nature prior to entry of an acceptable protective order.

C.    Plaintiff's responses are based on information currently available to him, given that discovery in this action has not been completed, and Plaintiff's investigation of the facts is on-going. Nothing contained in these responses shall in any way limit Plaintiff's ability to make all uses at trial or otherwise of other evidence which may be discovered in the future. Plaintiff expressly reserves his right to, and will, supplement his responses as required or permitted by the Civil Rules.

D.    The following responses are solely for purposes of this action and are based on information and documents presently available and located by Plaintiff. No incidental or implied admissions are intended hereby, and the fact that Plaintiff has responded to any interrogatory shall not be construed as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed in such interrogatory.

Subject to and without waiving the foregoing general objections and responses, Plaintiff provides the following additional responses and objections:



## I. REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: Please execute the medical releases attached hereto at Exhibit A so that Starbucks can obtain a complete copy of your medical records at the Urgent Care and the VA Clinic on Taylor Avenue – and return your executed authorization to counsel for Starbucks, as soon as possible, so that these records can be gathered and evaluated without delay. If you desire, Starbucks will provide you with copies of any documents it receives from these facilities.

RESPONSE:

Objection. This interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and General Objections, Plaintiff produces the attached documents.

REQUEST FOR PRODUCTION NO. 2: Please fill in information concerning your place of birth and dates of service on the standard form SF-180 attached hereto as Exhibit B and sign the form where indicated authorizing Starbucks to receive complete copies of your military service record and military health records from the U.S. National Archives and Records Administration (NARA). Return your executed SF-180 to counsel for Starbucks, as soon as possible, so that these records can be gathered and evaluated without delay. If you desire, Starbucks will provide you with copies of any records it receives from NARA.

RESPONSE:

Objection. This interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and General Objections, Plaintiff will provide to the Defendant such portions of the military health record that are relevant to the Plaintiff's claims consistent with the Informal Discovery Conference held on October 4, 2006.

REQUEST FOR PRODUCTION NO. 3: Produce any and all documents that pertain to, relate to, or evince your allegation that you have suffered any aggravated symptom(s) of PTSD since the incident on November 12, 2003.

RESPONSE:

See the attached.

## II. INTERROGATORIES

INTERROGATORY NO. 1: List every prescription medication that you have taken from 2000 through the present. Note with an asterisk all medications prescribed since November 12, 2003.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and General Objections, Plaintiff produces the attached documents.

INTERROGATORY NO. 2: Identify by name, address, and telephone number any physician, psychologist, psychiatrist, neurologist, and/or other medical/mental health care professional, of any kind, that has told you that any aggravated symptom of PTSD you are experiencing is a result of, or was proximately caused by, the spilled coffee incident on November 12, 2003.

ANSWER:

3

Sachidanandan Kanoor, MD
Department of Veteran Affairs
543 Taylor Avenue
Columbus, Ohio 43203

Terry A. Carlson, MD
Department of Veteran Affairs
543 Taylor Avenue
Columbus, Ohio 43203

Elizabeth I. Jackson, MD
Department of Veteran Affairs
543 Taylor Avenue
Columbus, Ohio 43203

INTERROGATORY NO. 3: Identify by name, address, and telephone number any physician, psychologist, psychiatrist, physical therapist, and/or other medical/mental health care professionals that have diagnosed and/or treated you for diabetes and or symptoms of peripheral neuropathy.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and General Objections, Plaintiff produces the attached documents.

INTERROGATORY NO. 4: Identify by name, address, and telephone number any and all medical care facilities where you received treatment for diabetes and/or peripheral neuropathy.

ANSWER:

Objection. This interrogatory is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing and General Objections, Plaintiff produces the attached documents.