IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Larry Becton,                          :

      Plaintiff,                  :

  v.                                   :    Case No. 2:05-cv-1143

Starbucks Corporation dba              :    JUDGE HOLSCHUH
Starbucks Coffee Company,
et al.,                                :

      Defendants.                 :

## ORDER

    This personal injury case is set for trial on September 24, 2007. Summary judgment proceedings have occurred and have been concluded. On August 14, 2007, less than six weeks before the trial date, plaintiff Larry Becton moved for leave to extend the discovery cutoff date and to identify expert witnesses. Opposing and reply memoranda have been filed. For the following reasons, the motion will be denied.

    By way of background, after this case was filed in the Franklin County Court of Common Pleas in November, 2005, and then removed to this Court, the Court conducted a preliminary pretrial conference on February 21, 2006. At that conference, June 1, 2006 was set as the date for the identification of any expert witnesses by the plaintiff, and the discovery cutoff date was established as October 1, 2006. The expert witness disclosure date was the one which the parties had recommended in their Rule 26(f) report, and the discovery cutoff date was actually several months later than the date recommended by the parties. In the Rule 26(f) report, plaintiff indicated that he expected to produce "a burn expert." (Doc. #6, at 3).

    Mr. Becton did not identify a burn expert, or any other

expert, by the June 1, 2006 date. The parties completed their discovery without requesting an extension and Starbucks then moved for summary judgment. That motion was granted in part and denied in part on June 14, 2007, and the Court then set the matter for trial. Two months later, Mr. Becton filed his motion for leave to identify experts and extend discovery. The motion is evaluated under the following legal standard.

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).

Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

The Court turns first to Mr. Becton's request for leave to identify one or more expert witnesses. Neither his supporting memorandum nor his reply memorandum state with specificity the types of experts which he proposes to identify, the subjects which the experts will address, or the dates by which he would be able to comply with Fed.R.Civ.P. 26(a)(2)'s requirement to provide a detailed expert witness report. The Court infers, however, from the numerous references to post traumatic stress disorder in the supporting and reply memoranda, that Mr. Becton proposes to identify one or more experts to testify on the issue of whether the burn which he received during the incident at Starbucks could either have caused, or exacerbated, post traumatic stress disorder. The Court further assumes (although, again, Mr. Becton does not state so explicitly) that the expert or experts he wishes to identify are persons who would be specially retained for purposes of the litigation and not persons who previously provided him with treatment for post traumatic disorder. Cf. 1993 Advisory Committee Notes to Fed.R.Civ.P. 26 ("(t)he requirement of a written report in paragraph (2)(B)...applies only to those experts who are retained or specially employed to provide such testimony in the case....A treating physician, for example can be deposed or called to testify at trial without any requirement for a written report").

As the case law cited above indicates, the first requirement for extending any deadline established at a Rule 16 conference is that the requesting party demonstrate that, even though he or she exercised due diligence, the deadline could not have been met.

There is no such showing here.  Mr. Becton alleges in his complaint that the Starbucks incident caused him to suffer post traumatic stress disorder.  Consequently, he was aware no later than November, 2005, that issues surrounding the relationship between the burn he received at Starbucks and his emotional condition would be involved in this case.  His memoranda provide no information concerning when he began his effort to locate treatment records for this disorder or why he was unable to retain an expert witness either by June 1, 2006, the date established in the pretrial order, or on any other date prior to the date that he filed his motion.  Again, as noted, his motion does not even identify a date by which he believes that such an expert could be retained and a report produced.  In short, there is absolutely no showing that he exercised any diligence with respect to this issue.

   Although this finding, by itself, would be a sufficient basis upon which to deny his request, the Court also notes that both the defendant and the Court would be prejudiced if an extension were permitted.  First and foremost, granting the motion would clearly require a continuance of the trial date. Mr. Becton simply could not provide all of the information required by Rule 26(a)(2) in a sufficiently timely fashion to permit Starbucks to retain its own expert and conduct additional discovery (which the disclosure of a new expert would undoubtedly entail) prior to the September 24, 2007 trial date.  Further, Starbucks has undoubtedly already begun its trial preparation based upon the existing state of the record, i.e. that Mr. Becton will not be calling an independently-retained expert on the issue of medical causation (or, for that matter, any other issue). Allowing him to identify an expert at this stage of the case would cause unnecessary additional expense and delay and would be inconsistent with the interest of justice, especially because

those complications could have been avoided through the simple exercise of due diligence.

Much the same reasoning applies to Mr. Becton's request to extend the discovery cutoff date. Again, it is not entirely clear what additional discovery he proposes to conduct. In his supporting memorandum, he notes that he has relied upon representations made by Starbucks' counsel to the effect that no Starbucks' employee had any recollection of either Mr. Becton or the incident which occurred. He then states that "[i]f afforded additional time for discovery, Mr. Becton could depose Starbucks employees to address Starbucks' concern." (Doc. #32 at 3). It is unclear what purpose would be served by such additional depositions, however, or whether they would lead to the discovery of any admissible evidence. Further, the question of whether there were any witnesses to the incident has been an obvious issue since the date the complaint was filed. Again, Mr. Becton has not demonstrated that, despite the exercise of due diligence, he could not have deposed one or more Starbucks employees prior to the discovery date.

Because the scope of this proposed additional discovery is unclear, it cannot be said with certainty that it would necessitate a continuance of the trial date. However, it would necessitate additional expense and, again, does not appear to be reasonably calculated to lead to the discovery of any admissible evidence on the issue of whether there are witnesses to the incident. For these reasons, the request for an extension of discovery must similarly be denied.

Based upon the foregoing, plaintiff's motion for leave to identify experts and extend discovery (#32) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R.

Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge