IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY BECTON, | : | |
| Plaintiff, | : | Case No. 2:05-CV-1143 |
| v. | : | Judge Holschuh |
| STARBUCKS CORP., | : | Magistrate Judge Kemp |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Trial in this case is scheduled to begin on September 24, 2007 on Plaintiff's claim that Starbucks negligently attached lids to two cups of coffee, causing the coffee to spill and burn him. This matter is currently before the Court on Defendant's motion in limine to exclude Plaintiff's report of the store manager's apology pursuant to Federal Rule of Evidence 403 (Record at 26), and on Defendant's motion for reconsideration of this Court's June 14, 2007 Memorandum Opinion and Order denying Defendant's motion to strike the same apology from the record (Record at 28).[1]

**I.    Motion for Reconsideration**

In its June 14, 2007 Memorandum Opinion and Order, the Court denied Defendant's motion to strike the portion of Plaintiff's affidavit which states that "[a] woman identifying herself as the manager of Starbucks indicated to me that she witnessed the accident, and

---

[1] Also pending is Defendant's motion in limine to exclude expert testimony from treating physicians and to exclude evidence of a causal link between the coffee spill and aggravation of Plaintiff's post-traumatic stress disorder.  (Record at 27).  The Court will reserve ruling on that motion until after Magistrate Judge Kemp's September 6, 2007 status conference.

apologized for the lids not being properly attached to the cups." (Pl. Aff. ¶ 5). The Court found that this was an admission of a party opponent and therefore admissible under Federal Rule of Evidence 801(d)(2)(D). The Court rejected Defendant's argument that Plaintiff had failed to lay a proper foundation for the statement. The Court further found that the manager's statement met the requirements of Federal Rule of Evidence 701. Because the manager stated that she had witnessed the accident, the Court found that her statement was rationally based on her perception of what happened. The Court also found that her statement was helpful to a clear understanding of the determination of whether the lids were securely fastened to the cups.

Defendant has moved for reconsideration of this ruling on two grounds, both meritless. First, Defendant contends that the alleged apology must be excluded because it constitutes a legal conclusion by a lay witness. According to Defendant, the statement that the lids were not "properly" attached to the cups is the equivalent of a statement that Starbucks failed to exercise reasonable care. Defendant argues that since this is the ultimate issue in the case, the Court should exclude it. In support of this argument, Defendant cites to Mitroff v. Xomox Corp., 797 F.2d 271 (6th Cir. 1986), an employment discrimination case. At issue in Mitroff was the admissibility of an assistant personnel manager's alleged statement that there was a pattern of age discrimination in the company. The Court found that the district court erred in admitting the statement under Rule 801(d)(2)(D) because plaintiff had not laid a proper foundation to establish that the statement was made within the scope of the manager's agency or employment; it was not clear whether this manager had access to all employment records or only those of hourly employees. Id. at 276. The Court also held that the statement did not meet the requirements of Federal Rule of Evidence 701, governing lay opinions. The Court held that there was no

evidence that the manager's statement was rationally based on his perceptions. It also noted:

> Although testimony which embraces an ultimate issue is not objectionable (Federal Rule of Evidence 704), seldom will be the case when the lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness's.

Id.

Mitroff is distinguishable for two important reasons. First, in Mitroff, there was no evidence that the manager's statement was rationally based on his perception. In contrast, in this case, the Starbucks' manager said that she witnessed the coffee spill. When asked at his deposition whether Plaintiff saw what happened to the cups, Plaintiff replied, "[t]he lady had told me what happened. She said the cups were – The lids weren't on the cups right." Pl. Dep. at 59. Second, in Mitroff, the manager's lay opinion that the company discriminated against older workers was not necessarily helpful to the jury because there was other evidence presented from which the jury could make that determination on its own. In contrast, in this case, Plaintiff has testified that he did not see what caused the coffee to spill. The manager's statement, that the lids were not properly attached to the cups, is the only evidence available to the jury concerning this factual issue. Therefore, this is one of those cases in which a lay opinion on the ultimate issue does meet the test of being helpful to the trier of fact.

Defendant also challenges the Court's previous finding that the manager's statement was rationally based on her perception. Defendant notes that Federal Rules of Evidence 701 and 602 both require the witness to have personal knowledge of the subject of the testimony. As noted above, Plaintiff testified at his deposition that the manager told him that she saw what had happened and that "the lids weren't on the cups right." Pl. Dep. at 59. Based on this testimony,

3

the Court finds that the manager's statement was rationally based on her perception, thereby satisfying the personal knowledge requirement. Moreover, even if this requirement were not satisfied, this does not necessarily render her statement inadmissible. The 1972 Advisory Committee Notes to Federal Rule of Evidence 801(d)(2)(D) cite to "[t]he freedom which admissions have enjoyed . . . from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge." As the Sixth Circuit noted in Jewel v. CSX Transportation, Inc., 135 F.3d 361 (6th Cir. 1998), admissibility under 801(d)(2)(D) is grounded not in the presumed trustworthiness of the statements, but rather on a waiver or estoppel theory. Id. at 365. Therefore, the restrictions generally imposed by Rules 602 and 701 do not apply to admissions of a party opponent. For these reasons, the Court denies Defendant's motion for reconsideration.

**II.     Motion in Limine**

The same statement is also the subject of a motion in limine. Defendant argues that probative value of the manager's statement -- that the lids were not properly attached to the cups -- is substantially outweighed by the danger of unfair prejudice and confusion of the issues and should, therefore, be excluded under Federal Rule of Evidence 403. According to Defendant, this statement has little, if any, probative value because there is no evidence that the manager saw the condition of the cups and lids before the spill occurred. For reasons previously stated, the Court rejects this argument. In the Court's view, the probative value of the statement is very high. Essentially, it is the only evidence of what caused the coffee to spill.

The Court also rejects Defendant's argument that the probative value of the statement is substantially outweighed by the danger of unfair prejudice and confusion of the issues. An admission of a party opponent is, by its very nature, always prejudicial. Rule 403, however,

protects only against those statements that are *unfairly* prejudicial. Admission of the manager's statement cannot be considered unfairly prejudicial. Defendant argues in its motion that since Plaintiff has not identified the manager, Defendant has been unable to depose her and will be unable to cross-examine her concerning whether she had any personal knowledge about whether the lids were properly attached to the cups. At the Final Pretrial Conference, however, counsel for Defendant admitted that it knows the name of the manager who was on duty when the accident occurred. Presumably, she is included on the list of potential witnesses identified by Defendant. Although she claims to have no recollection of Plaintiff or the coffee spill, this does not render admissibility of her alleged apology unfairly prejudicial.

Defendant also argues that admission of the apology will mislead the jury into believing that the manager actually observed that the lids were not properly attached to the cups, a statement which cannot be proved or refuted. Again, in the Court's view, because Plaintiff has laid an adequate foundation to establish that the manager's statement was, in fact, based on her personal observation, admission of the apology is not misleading.

**III.    Conclusion**

For the reasons stated above, Defendant's motion in limine to exclude, pursuant to Federal Rule of Evidence 403, the manager's statement that the lids were not properly attached to the cups (Record at 26) is **DENIED**. Defendant's motion for reconsideration of this Court's June 14, 2007 Memorandum Opinion and Order denying the motion to strike that same statement (Record at 28) is also **DENIED**.

**IT IS SO ORDERED.**

Date: September 6, 2007				**/s/ John D. Holschuh**
						John D. Holschuh, Judge
						United States District Court